UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**PAUL W. GRIMM**
**UNITED STATES MAGISTRATE**
**JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-4560**
**(410) 962-3630 FAX**

December 2, 2003

### ORDER RESCHEDULING SETTLEMENT CONFERENCE

RE:   Westport v. St. Paul Insurance
      Civil Action No.: AMD-02-1774

Dear Counsel:

Please be advised that a settlement conference in the above-entitled case has been **rescheduled for Tuesday, January 13, 2004 at 9:30 a.m.**, and will be held in my chambers (Room 8B).  It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  Attendance by the attorney for a party is not sufficient.  If your client cannot attend in person and you wish to have him or her available by telephone, you will need advance permission from the Court to do so.  Please also be advised that the conference may take the entire day.

No later than Tuesday, January 6, 2004,   I would like to receive by regular mail, **not electronically,** a short ex parte letter from each party candidly setting forth the following:

(1)   facts you believe you can prove at trial;

(2)   the major weaknesses in each side's case, both factual and legal;

(3)   an evaluation of the maximum and minimum damage awards you believe likely;

(4)   the history of any settlement negotiations to date; and

(5)   estimate of attorneys' fees and costs of litigation through trial.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  See 28 U.S.C.§ 652(d). If you wish me to review any deposition excerpts or exhibits, please attach a copy to your letter.  For attachments which are more than two pages in length (particularly deposition excerpts) please highlight the portions

Westport v. St. Paul Insurance
Civil Action No.: AMD-02-1774
December 2, 2003

which you want me to review.  I also will review the pleadings in the court file.  Additionally, if you wish me to review any case authorities which you believe are critical to your evaluation of the case, please identify them.

      Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has recently issued a Formal Opinion (No. 93-370) which precludes a lawyer, **ABSENT INFORMED CLIENT CONSENT,** from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement.  The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters.  Therefore, please discuss these items with your client before appearing for the settlement conference.

      Despite the informal nature of this letter it will constitute an order of the Court and will be docketed accordingly.

                                          Very truly yours,
                                                /S/
                                          Paul W. Grimm
                                          United States Magistrate Judge

cc:      Honorable Andre M. Davis
           Chambers  File