IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, )<br>)<br>        Plaintiff,                )<br>   vs.                              )   Civil Action No.:  AMD-02-1774<br>                                    )<br>ST. PAUL FIRE & MARINE INSURANCE    )<br>COMPANY,                            )<br>                                    )<br>        Defendant.                  )<br>_____ ) | |

### DEFENDANT ST. PAUL FIRE & MARINE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Defendant St. Paul Fire & Marine Insurance Company ("St. Paul"), by and through its attorneys Ross, Dixon & Bell, LLP, for its Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56, states as follows:

1. The issue before this Court is to determine the responsible party for the payment of defense and acocunting fees incurred in defending the underlying claims. Westport chose to undertake the defense of the Insured prior to the filing of a lawsuit against the Insured.

2. Westport now seeks to recover from St. Paul defense fees and accounting fees it incurred prior to the filing of the lawsuit against the Insured.

3. Westport is not entitled to recover any pre-complaint legal or accounting fees in view of Paragraph 6.A. of the St. Paul occurrence policy which provides a defense obligation only for a *suit against the Insured*.

930583 v2

4.  With respect to defense costs and accountants fees incurred after the tender of the lawsuit to St. Paul, there must be an "injury-in-fact" pro rata allocation by the policy years covered by each policy.

5.  Because St. Paul only provided coverage to Mr. Cohn from 1972 through 1975 on an occurrence basis, St. Paul is only responsible for defense costs attributable to injury occurring within the three years of the 45-year malfeasance committed by Mr. Cohn. In the alternative, a 50/50 split of post-tender defense fees and accountants fees would be appropriate as between the Company and Westport.

6.  In support of its Motion for Summary Judgment, St. Paul incorporates the arguments set forth in its Memorandum in Support of its Motion for Summary Judgment ("Memorandum") into and as part of its Motion for Summary Judgment. A copy of St. Paul's Memorandum setting for the bases upon which summary judgment should be granted is attached hereto.

Respectfully submitted,

ROSS, DIXON & BELL, LLP

Dated: August 17, 2004        By:_____/s/_____
                                 Richard A. Simpson
                                 Maryland Federal Bar No. 014714
                                 2001 K Street, N.W.
                                 Washington, D.C. 20006-1040
                                 Phone: (202) 662-2035
                                 Facsimile: (202) 662-2190

                                 *Attorneys for Defendant St. Paul
                                 Insurance Company*

930583 v2

Of Counsel:

Michael P. Tone
Ross, Dixon & Bell, LLP
Three First National Plaza, Suite 525
Chicago, IL 60602
Phone – 312-759-1920
Facsimile – 312-759-1939

930583 v2

**CERTIFICATE OF SERVICE**

      I certify that on this 17th day of August, 2004, service of a true and complete copy of the above and forgoing pleading was made upon the following by depositing in the U.S. Mail, postage prepaid:

| | |
|---|---|
| Paul Cottrell<br>Tighe, Cottrell & Logan, P.A.<br>First Federal Plaza, Suite 500<br>P.O. Box 1031<br>Wilmington, DE 19899 | Michelle M. Bracke, Esq.<br>Bollinger Ruberry & Garvey<br>500 W. Madison Street, Suite 2300<br>Chicago, Illinois  60661-2511 |

                                                                  /s/
                                              Richard A. Simpson