IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ST. PAUL FIRE & MARINE )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | Civil Action No.: AMD-02-1774 |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff, Westport Insurance Corporation ("Westport), for its Answer to the Counterclaim asserted by Defendant, St. Paul Fire & Marine Insurance Company ("St. Paul"), states as follows:

## ANSWER

1. Westport admits the allegations contained in Paragraph 1.

2. Westport admits the allegations contained in Paragraph 2.

3. Westport admits the allegations contained in Paragraph 3.

4. Westport admits the allegations contained in Paragraph 4.

5. Westport admits the allegations contained in Paragraph 5.

6. Westport admits the allegations contained in Paragraph 6.

7. Westport admits the allegations contained in Paragraph 7.

8. Westport admits the allegations contained in Paragraph 8.

9. Westport admits the allegations contained in Paragraph 9.

10. Westport admits the allegations contained in Paragraph 10.

**EXHIBIT B**

11. Westport has insufficient information to admit or deny the allegations contained in Paragraph 11 and, therefore, must deny same.

12. Westport has insufficient information to admit or deny the allegations contained in Paragraph 11 and, therefore, must deny same.

13. Westport admits that St. Paul contends that Westport has the primary obligation to defend and indemnify Cohn for the Waller lawsuit. Westport denies that it has the primary obligation to defend and indemnify Cohn for the Waller lawsuit.

## COUNT I

## INDEMNIFICATION

14. Westport reasserts its answers to paragraphs 1-13 above, as though fully set forth herein.

15. Westport admits that, upon information and belief, the St. Paul policy contains the provision cited in Paragraph 15.

16. Westport admits the allegations contained in Paragraph 16.

17. Westport denies the allegations contained in Paragraph 17.

18. Westport denies the allegations contained in Paragraph 18.

WHEREFORE, Westport prays that this Honorable court dismiss the counterclaim asserted by St. Paul. and award Westport its costs.

## COUNT II

## CONTRIBUTION

19. Westport reasserts its answers to paragraphs 1-18 above, as though fully set forth herein.

20. Westport denies the allegations contained in Paragraph 20.

21. Westport denies the allegations contained in Paragraph 21.

22. Westport denies the allegations contained in Paragraph 22.

WHEREFORE, Westport prays that this Honorable court dismiss the counterclaim asserted by St. Paul. and award Westport its costs.

Respectfully submitted,

TIGHE, COTTRELL & LOGAN, P.A.

By: *Paul Cottrell*
Paul Cottrell
Bar No. 06364
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899
(302) 658-6400
Attorney for Plaintiff

Dated: July 29, 2002

## CERTIFICATE OF SERVICE

I, Paul Cottrell, hereby certify that on this 29th day of July, 2002, I served a true and correct copy of Westport Insurance Corporation's Answer to Defendant's Counterclaim, via postage-prepaid, U.S. first class mail, to the counsel listed below:

Micahel P. Tone, Esq.
Ross, Dixon & Bell
70 West Madison Street, Suite 525
Chicago, IL 60602

Richard A. Simpson, Esq.
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

_____
Paul Cottrell