# United States District Court

DISTRICT OF __Maryland__

Westport Insurance Corporation

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

St. Paul Fire & Marine Insurance Company

TO: (Name and address of defendant)

St. Paul Fire & Marine Ins., Co.
385 Washington Street
St. Paul, Minnesota

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Paul Cottrell, Esq.
Tighe, Cottrell & Logan, P.A.
P.O. Box 1031
Wilmington, DE 19899

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                                DATE

(BY) DEPUTY CLERK

**EXHIBIT C**

JS 44
Rev. 3/99

# CIVIL COVER SHEET

The JS-44 civil co[ver sheet a]nd the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as p[rovided by] local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Cour[t for the pu]rpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFF**
Westport Ins[urance Co]rporation

**DEFENDANTS**
St. Paul Fire & Marine Insurance Company

**(b) COUNTY OF RES[IDENCE OF] FIRST LISTED PLAINTIFF** Johnson
(IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Ramsey
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FI**[RM NAME, AD]DRESS, AND TELEPHONE NUMBER)
Paul Cottrell
Tighe, Cottre[ll & Logan], P.A.
P.O. Box 1031, [Wilmin]gton, DE 19899

**ATTORNEYS (IF KNOWN)**
Michael P. Tone, Esq.
Ross Dixon & Bell
70 West Madison Street, Suite 525
Chicago, IL 60602

**II. BASIS OF JU**[RISDIC]**TION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE O**[F SUIT] (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrume[nt] | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpa[yment] & Enforcement of Ju[dgment] | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Default[ed] Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpa[yment] of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liab[ility] | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERT**[Y] | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectme[nt] | ☐ 442 Employment / **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Proper[ty] | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 [Remove]d from [State Co]urt
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF AC**[TION] (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. 1332(a)(1)

**VII. REQUESTED I**[N] **COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CAS**[E(S)] **IF ANY** (See instructions):
**JUDGE** Honorable Andre M. Davis / Magistrate Paul W. Grimm
**DOCKET NUMBER** AMD 01 CV 0141

**DATE** 5/2[?]
**SIGNATURE OF ATTORNEY OF RECORD** Paul Cottrell

FOR OFFICE USE ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| ST. PAUL FIRE & MARINE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Westport Insurance Corporation ("Westport"), for its Complaint against St. Paul Fire & Marine Insurance Company ("St. Paul"), states as follows:

### VENUE AND JURISDICTION

1. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is appropriate under 28 U.S.C. §1391 because the events or omissions giving rise to the claim occurred, in part, in this judicial district.

### PARTIES

3. Westport is a Missouri corporation with its principal place of business in Overland Park, Kansas.

4. St. Paul is a Minnesota corporation with a principal place of business in Minnesota.

## THE ST. PAUL POLICIES

5. St. Paul issued Policy no. 619NA0039 to Burke, Gerber & Wilen for the policy period of April 1, 1972 to April 1, 1975 ("the St. Paul Policy").

6. The St. Paul Policy is a renewal. St. Paul states, on the face of the St. Paul Policy, that the "former policy no." was 681NA0511. Accordingly, upon information and belief, St. Paul also provided coverage to Burke, Gerber & Wilen for prior policy period(s).

## THE WESTPORT POLICY

7. Westport Insurance Corporation issued to Blum, Yumkas claims-made lawyers professional liability policy no. MDL-022344-3 for the policy period of January 1, 1999 to January 1, 2000 ("The Westport Policy").

## FACTS

8. In the late 1950s, the Shapiro family, owners of the Maryland Cup Company, formed various trusts for their children and grandchildren. In 1960, numerous other trusts were created by members of the Shapiro family. Irving Cohn, ("Cohn") while a partner in the firm of Burke, Gerber & Wilen, was the Trustee for all of these numerous trusts.

9. Cohn continued in his capacity as Trustee for many years, including the years of 1970 to 1975. In 1988, Burke, Gerber dissolved and Cohn became associated with the firm of Blum, Yumkas, Gutman & Denick, P.A.

10. On October 25, 1999, Sam Shapiro, an uncle of one of the beneficiaries, wrote to Irving Cohn and advised him that it was his intention to bring legal action against Cohn and the law firm of Blum, Yumkas for alleged violation of his fiduciary responsibilities and mismanagement of assets regarding certain of the Shapiro trusts.

2

11. On January 7, 2000, two beneficiaries of these trusts, Robert and Jeffrey Borenstein, wrote to Cohn and Blum, Yumkas, and enclosed a draft complaint. The draft complaint asserted five counts against Cohn and Blum for alleging mishandling of the trusts by Cohn: Accounting (Count I); Breach of Fiduciary Duty against Cohn (Count II); Breach of Fiduciary Duty against Blum, Yumkas (Count III); Negligence Against Cohn (Count IV); and Negligence against Blum, Yumkas (Count V).

12. The beneficiaries generally allege that Cohn, over a period of many years, failed to account for trust assets, commingled assets, allowed an escheat to the state, failed to invest funds, and failed to make investments that were reasonably prudent.

13. On March and October 2000, respectively, two more beneficiaries, Marshall Waller and Eric Waller, requested accountings of certain trusts to which they were beneficiaries. In that same year, Blum, Yumkas discovered numerous uncashed checks dating back to the 1970s, that may have belonged to these trusts.

14. Additional claims have been against Irving Cohn, and against Catherine Oppenheim, a former partner in Burke, Gerber, now deceased.

15. Notice of these claims was provided to Westport in May of 2000. According to the claimants, Marion Smith, and Christine Geer (nee Burton) in 1973, Oppenheim and Cohn became trustees of a Trust Agreement executed by Christine O. Burton. Presently, the parties allege potential mismanagement of the trust from the time period of 1973-1999.

16. Each of these parties allege conduct that occurred during the St. Paul policy period(s). The parties reached tolling agreements and other "gentlemen" agreements, to refrain from filing suit against Cohn and Blum, Yumkas, in exchange for Cohn's and Blum, Yumkas' continued agreements to investigate the negligence allegations, and attempt to audit the trusts.

17. Pursuant to its policy, and subject to a full reservation of rights, Westport agreed to defend Cohn and Blum, Yumkas against these matters.

18. In May of 2000, Cohn's counsel discovered that St. Paul had issued policies to Burke, Gerber which provide coverage to Cohn and/or Oppenheim for these matters.

19. Cohn's counsel tendered the matters for defense to St. Paul in May of 2000. On May 31, 2000, St. Paul received and acknowledged notice of these matters. The Borenstein draft complaint was also forwarded to St. Paul on or about June 1, 2000.

20. In response, St. Paul advised Cohn's counsel that it was "reviewing the file for coverage" and would provide Cohn with is position.

21. Upon information and belief, St. Paul did not request any additional information or documentation from Cohn or Cohn's counsel regarding these matters. St. Paul also never provided any written response to the tender.

22. Westport has incurred substantial expenses and costs in providing Cohn and Blum, Yumkas with a defense to these matters, including attorneys fees, accounting fees, and other costs and expenses. On May 24, 2001, Westport provided St. Paul with a detailed written explanation of St. Paul's obligations, and the pending matters. Despite Westport's request for reimbursement, and its tender of expenses, St. Paul has consistently refused to accept the tender, or to otherwise pay these fees and costs.

23. On April 2, 2001, Eric Waller filed civil action no. 24-C-01-001471 against Irving Cohn, Blum, Yumkas and Westport in the Circuit Court of Baltimore County, Maryland. The complaint was tendered to St. Paul on or about April 6, 2001.

24. Despite St. Paul's obligation to defend, St. Paul has refused to accept its obligation to fully defend and indemnify Cohn for the Waller claim. As a result, Westport has agreed to pay

50% of Cohn's defense costs for this matter, subject to numerous reservations, including the right to seek reimbursement from St. Paul.

25. St. Paul has refused to provide copies of its policies to Westport. However, Westport has obtained copies of all or some of the St. Paul policy(ies) from Cohn.

26. Westport contends that St. Paul has the primary obligation to defend and indemnify Cohn for these matters. St. Paul has denied this obligation. Therefore, an actual and immediate controversy exists between the parties.

## COUNT I

## INDEMNIFICATION

27. Westport realleges paragraphs 1-26 above, as though fully set forth herein as paragraph 27 of this Count I.

28. The St. Paul Policy contains the following "Other Insurance" clause:

> 35. OTHER INSURANCE. The insurance afforded by this Policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the Insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the Company's liability under this Policy shall not be reduced by the existence of such other insurance.
>
> When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the Company shall not be liable under this Policy for a greater proportion of the loss than that stated in the applicable contribution provision below:
> ***

29. The Westport Policy contains the following "other insurance" clause:

5

VI.  OTHER INSURANCE OF A PRIOR LAW FIRM

If a Prior Firm has other insurance applicable to a Claim against the Insured(s) covered by this Coverage Unit, this Policy is specifically issued as excess insurance over and above the applicable limits of liability of all such other insurance regardless of whether such other insurance is written as primary, contributory, excess, contingent or otherwise.

30. "Prior firm" is defined in the Policy as any law firm or professional corporation engaged in the private practice of law for which any lawyer listed in the application was a partner, officer, director, stockholder, shareholder, or employee prior to such lawyer joining the Named Insured."

31. Burke, Gerber & Wilen, St. Paul's "insured," is a "prior firm" as defined in the Westport Policy.

32. Pursuant to these clauses, St. Paul has the primary obligation to defend and indemnify Irving Cohn for the claims asserted against him. Despite St. Paul's primary obligations, Westport agreed to pay costs to defend, and has made offers to indemnify Cohn for these claims.

33. Westport is entitled to indemnity from St. Paul for the amounts it has paid to defend and/or indemnify Irving Cohn.

## COUNT II

## CONTRIBUTION

34. Westport realleges paragraphs 1-33 above, as though fully set forth herein as paragraph 34 of this Count II..

35. Westport has provided a defense to the claims asserted against Irving Cohn, despite St. Paul's obligations under its own policy(ies).

36. St. Paul has a primary and/or coextensive obligation to provide a defense and/or indemnity to Irving Cohn for these matters.

37. As an alternative to full indemnification, Westport is entitled to contribution from St. Paul for its portion of defense and/or indemnity for these matters.

WHEREFORE, Westport Insurance Company prays that this Court enter judgment in its favor and against St. Paul for indemnification and/or contribution for the amounts Westport has paid to defend and/or indemnify Irving Cohn in amount not less than $800,000, and that the court further issue an order for any such other relief as this Court deems just and appropriate, including the award of Westport's costs.

TIGHE, COTTRELL & LOGAN, P.A.

By: _____
Paul Cottrell
Bar No. 06364
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899
(302) 658-6400
Attorney for Plaintiff

Dated: May 22, 2002

7