IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>ST. PAUL FIRE & MARINE INSURANCE )<br>COMPANY, )<br>)<br>Defendant )<br>) | No. AMD-02-1774 |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS AND TO COMPEL DEFENDANT'S RESPONSES TO DISCOVERY**

Plaintiff, Westport Insurance Corporation ("Westport"), for its Motion for Extension of Time To File Dispositive Motions and To Compel Defendant's Responses to Discovery pursuant to Fed.R.Civ.P. 37(a)(2)(b) and 16(b), states as follows:

1.  On June 15, 2004, Westport served St. Paul with Requests to Admit, Interrogatories, and Document Requests.

2.  On July 13, 2004, St. Paul responded to Westport's Requests for Admission. However, St. Paul has never responded to Westport's Interrogatories or Document Requests, and has, therefore, waived any objections with regard to such requests. Fed.R.Civ.P.33,34. *See also Jayne H. Lee, Inc. v. Flagstaff Industries Corp.,* 173 F.R.D. 651, 653-657 (D.Md. 1997); *Pinkney v. J.M.S., Inc.,* no. CIV. A. WMN-99-3873, 2000 WL 890893, *2 (D.Md. May 17, 2000).

3.  Counsel for Westport has contacted St. Paul's counsel and they do not oppose Westport's request for an extension. They also indicate that they are still working on discovery responses. Therefore, Westport respectfully requests that his Court enter an order with a date to compel St. Paul to respond to Westport's discovery with a date for Westport to file its dispositive motions at a suitable time thereafter.

4.  Pursuant to the Scheduling Order entered by this Court: Expert Witness Disclosures were due by April 20, 2004; Rebuttal Expert Witness Disclosures by May 18, 2004; Discovery Cut-Off June

16, 2004; and Dispositive Motions are due by August 18, 2004.  St. Paul requested an extension to disclose expert witnesses until June 1, 2004, which was granted by this Court on April 15, 2004.

     5. Westport intends to file two motions for partial summary judgment in this case.  To ensure that Westport's motions are based solely upon undisputed facts, Westport requires St. Paul's confirmation as to certain facts.  Accordingly, St. Paul's failure to respond to Westport's discovery requests is affecting Westport's ability to comply with this Court's scheduling order.  Westport therefore respectfully requests that this Court extend Westport's time to file dispositive motions, until 30 days after receipt of St. Paul's discovery, in accordance with the original scheduling order entered in this case.

     6. Based on the foregoing, Westport therefore respectfully requests that this Honorable Court: (1) enter an order compelling St. Paul to respond to Westport's discovery; (2) confirm that St. Paul has waived any and all objections to Westport's discovery; and (3) amend the scheduling order enter in this case to allow Westport thirty days from the date of receipt of St. Paul's discovery to file its dispositive motions.

WHEREFORE, Westport Insurance Company prays that this Court issue an order granting Westport's Motion for Extension Of Time To File Dispositive Motions and To Compel Defendant's Responses To Discovery.

                                                    Respectfully submitted,

                                                    WESTPORT INSURANCE COMPANY

                                                    By:  /s/ Paul Cottrell
                                                         Paul Cottrell, Esquire
                                                         MD I.D. # 6364

Paul Cottrell, Esq.
TIGHE, COTTRELL & LOGAN
First Federal Plaza
704 North King Street, Suite 500
Wilmington, Delaware 19801
(302) 658-6400
Attorney for Plaintiff

Dated: August 17, 2004