Westport

R. JOHNSON
NOV 0 1 1999

November 1, 1999

Bernard Denick
Blum, Yumkas, Mailman, Gutman & Denick
1200 Mercantile Bank & Trust Building
Two Hopkins Plaza
Baltimore, MD 21201

K. MILLER
NOV 0 2 1999

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Re: Insured:   Blum, Yumkas, Mailman, Gutman & Denick
    Claim No.: 432600
    Claimant:  Shapiro

Dear Ms. Denick:

This will confirm our conversation of October 29, 1999 and receipt of Max Stadfeld's correspondence dated September 29, 1999 regarding the above claim.

Blum, Yumkas, Mailman, Gutman & Denick, P.A. was issued a Customized Practice Coverage Insurance Policy No. MDL-022344-3 by Westport Insurance Corporation. This is a claims made and reported policy which incepted on January 1, 1999 and expires January 1, 2000. The Lawyers Professional Liability Coverage Unit has a limit of liability of $5,000,000 per claim and in the aggregate for the policy period. The deductible is $15,000 per claim and applies to claims expenses and damages. Claims expenses are in addition to the limit of liability.

You advised that you spoke with Sam Shapiro, counsel representing Ronald, Kenneth and Susan Shapiro. Mr. Shapiro agreed to hold off on any action with regard to this potential claim until 12/30/99. Your firm would be providing Mr. Shapiro with an accounting of all transactions relating to the trust.

You believe that Mr. Shapiro's letter contained some misstatements and Mr. Shapiro is unaware that some of the money in the trust went to a niece and sister-in-law.

00071

Westport

The attorney who is handling this trust, Irving Cohen, has had some recent personal tragedies and health problems. You anticipate that Mr. Cohen will be back in your office in early November. You and Mr. Cohen will obtain the information Mr. Shapiro is seeking and forward it on to him. You are confident that the forthcoming will be satisfactory to Mr Shapiro. Every penny in the trust can be accounted for. As we discussed, please forward a copy of the letter you send to Mr. Shapiro regarding the accounting of the trust.

Please provide any clarifications to these facts.

Mr. Shapiro has raised some questions where the money in the trust is, what happened to certain stock or dividends.

Please refer to your policy's LAWYERS PROFESSIONAL LIABILITY COVERAGE UNIT, which provides at I. COVERAGE:

> I. COVERAGE- PROFESSIONAL LIABILITY
>
> > A. The Company will pay on behalf of any INSURED all LOSS in excess of the deductible which the INSURED becomes legally obligated to pay as a result of CLAIMS first made against any INSURED during the POLICY PERIOD and reported to the Company in writing during the POLICY PERIOD or within sixty (60) days thereafter, by reason of any WRONGFUL ACT occurring on or after the RETROACTIVE DATE, if any;

The General Terms & Conditions of the policy provide:

> XIV. EXCLUSIONS
>
> > This POLICY shall not apply to any CLAIM based upon, arising out of, attributable to, or directly or indirectly resulting from:
> >
> > A. any criminal, dishonest, malicious or fraudulent act, error, omission or PERSONAL INJURY committed by an INSURED. This exclusion does not apply to any INSURED who is not so adjudged;

While we give no credence to the plaintiff's allegations, we must advise you that if a court determines that you engaged in any criminal, dishonest, malicious or fraudulent acts, the

00072

Westport

policy would not provide any indemnification to any award based thereon.

Please refer to the policy's LAWYERS PROFESSIONAL LIABILITY COVERAGE UNIT, which provides at VI. EXCLUSIONS.

> In addition to those Exclusions contained in Section XIV of the GENERAL TERMS & CONDITIONS, this COVERAGE UNIT shall not apply to any CLAIM based upon, arising out of, attributable to, or directly or indirectly resulting from:
>
> > L. any conversion, misappropriation or improper commingling of funds;

Based upon Exclusion L of the Lawyers Professional Liability Coverage Unit, the policy would not provide indemnification to you for any claim based upon, arising out of or attributable to conversion.

The complaint seeks an unspecified amount of damages. Your policy's Lawyers Professional Liability Coverage Unit has a $1,000,000 limit of liability per claim. Because there is an exposure to you beyond your $1,000,000 policy limits, you may wish to retain counsel, at your own expense, to protect this uninsured exposure.

As we discussed, we will continue to monitor the developments on this potential claim. If your firm's letter providing for the trust accounting is satisfactory to Mr. Shapiro and no claim is pursued, this file will be closed. However, if a claim is pursued, it will be necessary for you to forward a complete copy of your file on this matter.

This letter is not intended to waive or invalidate any coverage defenses which may become apparent after further investigation into this potential claim or after receipt and review of the requested information, or receipt and review of any additional litigation or Complaint which may be filed against you in this matter.

Feel free to contact me at 312/849-5474 if you have any questions or comments regarding the above.

Very truly yours,

Kristina J. Miller
/kjm
cc:   Debbie Holbrook, Administration Associates, Inc. via fax 202/347-3463

00073