## TOLLING AGREEMENT

THIS TOLLING AGREEMENT (the "Agreement") is made and entered into as of the 10th day of January, 2000, by and between Irving F. Cohn ("Cohn") and Blum, Yumkas, Mailman, Gutman & Denick, P.A. ("Blum, Yumkas"), on the one hand, and Roberta Borenstein and Jeffrey Borenstein (collectively, the "Borensteins"), on the other hand.

WHEREAS, the Borensteins are presently considering whether it would be appropriate for them to file an action against Blum, Yumkas and Cohn;

WHEREAS, the action under consideration would allege claims for damages arising from Cohn's and Blum, Yumkas's actions in connection with the administration of Shapiro Flex-Trust No. 9 (the "Trust"), created by Trust Agreement dated April 29, 1957 between D. Anne Borenstein and Arthur C. Strasburger, Gunther R. Borris and Irving F. Cohn, as trustees, and certain other trusts created by the extended family of the grantor at or about the same time (collectively, the Shapiro-Flex Trusts);

WHEREAS, the Borensteins, Cohn and Blum, Yumkas have determined that it is in their mutual interest for Cohn and Blum, Yumkas to provide information to the Borensteins without the need for the Borensteins to file the contemplated action at this time;

NOW, THEREFORE, in consideration of the premises and the mutual promises herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, the parties to this Agreement agree as follows:

1. This Agreement is intended to, and does, apply to all claims (the "Claims") which could be asserted by the Borensteins or their descendants, or any of them, or any other beneficiaries or contingent beneficiaries of the Trust, against Cohn or Blum, Yumkas arising from any act or

EXHIBIT

omission related in any manner to the Trust or to any other Shapiro-Flex Trust, including but not limited to the administration of the Trust, the treatment of its funds, investments and other assets, or any other matter related to the Trust or any other Shapiro-Flex Trust.

2. Every statute of limitations applicable to any Claim is tolled for the period from January 10, 2000 through June 13, 2000 (the "Tolled Period").

3. Neither Cohn nor Blum, Yumkas shall interpose in any action asserting any Claim a defense that any applicable statute of limitations shall have expired during the Tolled Period, and the Tolled Period shall be excluded in determining when any applicable statue of limitations for any such action shall expire.

4. Neither Cohn nor Blum, Yumkas shall interpose in any action asserting any Claim any defense of laches, estoppel or waiver based upon or incorporating time elapsed during the Tolled Period.

5. Nothing contained in this Agreement shall preclude Cohn or Blum, Yumkas from arguing or asserting, in defense to any action asserting any Claim, any defense other than the statute of limitations, laches, estoppel or waiver, or from asserting that any applicable statute of limitations expired prior to the Tolled Period, or expired after the Tolled Period by reason of the passage of time before and after, but not during, the Tolled Period, or from asserting any defense of laches, estoppel or waiver not based upon or incorporating time elapsed during the Tolled Period.

6. The Borensteins may, in their sole discretion, file an action asserting a Claim or Claims at any time prior to the expiration of the Tolled Period. If the Borensteins determine to file such an action, they shall give written notice, delivered by hand or facsimile three business days in advance of filing the action, to Alvin I. Frederick, Esq., Eccleston & Wolf, 729 E. Pratt Street, 7th

00079

Floor, Baltimore, Maryland 21202-3113.

7. Each of the persons signing this Agreement represents that he or she has obtained all necessary authorizations to enter into this Agreement, and that he or she is aware of no reason why this Agreement is not legally effective. The parties irrevocably acknowledge and agree that they are, now and forever, estopped and precluded from contesting or denying the validity and enforceability of this Agreement.

8. This Agreement shall constitute the entire Agreement among the parties hereto regarding its subject matter, and shall supersede all prior agreements and undertakings (written or oral) of the parties in connection therewith.

9. This Agreement may not be amended, modified or supplemented except in writing, signed by the parties or their successors.

10. The rights and obligations of the parties created by this Agreement shall be governed and construed in accordance with the laws of the State of Maryland.

11. All rights and obligations under this Agreement shall inure to the benefit of, and be binding upon, the respective successors and assigns of the parties. Cohn and Blum, Yumkas specifically acknowledge that it is the intention of the parties that this Agreement shall inure to the benefit of the Borensteins, their descendants, the Trust, and the beneficiaries and contingent beneficiaries of the Trust, and shall be enforceable by them.

12. If any part of this Agreement shall be adjudged invalid, then such partial invalidity shall not cause the remainder of this Agreement to be or become invalid, and if a provision hereof is held invalid in one or more of its applications, said provision shall remain in effect in valid applications that are severable from the invalid applications.

00080

13. This Agreement may be executed in any number of counterparts, all of which together shall constitute but one Agreement.

14. The execution of the Tolling Agreement by Cohn, Blum, Yumkas, and/or the Borensteins shall not be deemed to be an admission of any of the following: (a) that the Borensteins have any cause or causes of action against for any act or omission described in Paragraph 1; (b) that Cohn or Blum, Yumkas is liable to the Borensteins for any act or omission described in Paragraph 1; or (c) that any statute of limitations with respect to any Claim has begun to run or will begin to run at any time during the Tolled Period.

15. The Tolling Agreement and the fact that the parties executed the Tolling Agreement are not admissible in evidence in any subsequent proceeding between the parties, except for the limited purpose of the Borensteins offering it in evidence with respect to a computation of time relevant to any defense by Cohn or Blum, Yumkas of statute of limitations, laches, estoppel or waiver.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed, as of the day and year first hereinabove written.

_____     _____
Irving F. Cohn                                          DATE

00081

Blum, Yumkas, Mailman, Gutman & Denick, P.A.

By: _____
Name: _____                    _____
Title: _____                    DATE


_____                _____
Roberta Borenstein                              DATE


_____                _____
Jeffrey Borenstein                              DATE

- 5 -

00082