# The St Paul

385 Washington Street
St Paul, Minnesota 55102-1396
651-310-7911

May 3, 2001

Philip C. Smith, Esq.
Christopher F. Davis, Esq.
Hearne & Bailey, P.A.
Colonial Building
126 E. Main Street
Salisbury, MD 21801

Re: Insured:            Irving F. Cohn/Burke, Gerber & Wilen
    Claimant:           Eric Waller
    Potential Claimants: Roberta and Jeffrey Borenstein
    Policy No.:         619NA0039
    Claim No.:          0619NA0039-09T001

Dear Messrs. Smith and Davis:

By correspondence dated May 23, 2000, St. Paul Fire and Marine Insurance Company ("St. Paul") was advised of circumstances relative to Irving F. Cohn's involvement as Trustee of the so-called Shapiro Flex Trusts (the "Trusts"). On June 1, 2000, St. Paul was provided a copy of a draft complaint, entitled <u>Roberta Borenstein, et al. v. Blum, Yumkas, Mailman, Gutman & Denick, P.A., et al.</u>. We understand that, to date, the <u>Borenstein</u> complaint has not been filed.

We also recently received a copy of a complaint filed in the Circuit Court for Baltimore City, Maryland, entitled <u>Eric F. Waller v. Blum, Yumkas, Mailman, Gutman & Denick, P.A., et al.</u>. We understand that although independent counsel has been offered to Mr. Cohn at the expense of Westport Insurance Company ("Westport"), Mr. Cohn has chosen you to defend this matter on his behalf at Westport's expense. We understand that you are proceeding to prepare a responsive pleading to the <u>Waller</u> Complaint on behalf of Mr. Cohn accordingly. In light of the fact that Mr. Cohn is being represented by counsel with respect to the <u>Waller</u> lawsuit, we direct this correspondence to you on Mr. Cohn's behalf and request that you provide a copy of this letter to Mr. Cohn for his review.

As we confirmed with Chris Davis on April 18, 2001, we understand that the <u>Waller</u> Complaint has not yet been tendered for defense and/or indemnity to St. Paul. Please notify us immediately should Mr. Cohn choose to tender the <u>Waller</u> Complaint to St. Paul for defense and/or indemnity. At this time, St. Paul reserves the right to challenge coverage for pre-tender defense fees, and reserves its right to allocate any defense fees and costs incurred as well.

Philip C. Smith, Esq.
Christopher F. Davis, Esq.
May 3, 2001
Page 2

Although no Complaint has yet been tendered to St. Paul for defense and/or indemnity, we would like to proceed to explain to you the provisions of the above-captioned Policy. We hope you can appreciate that by calling these provisions of the Policy to your attention, we do not mean to imply that the allegations made concerning Mr. Cohn have any merit whatsoever. We also hope you can appreciate that by directing your attention to these coverage concerns, we do not mean to waive any other coverage concerns which may come to our attention as further-developed facts so warrant.

We enclose a copy of the Policy for your review. The Policy, issued to named Insured Burke, Gerber & Wilen, contains several Sections, one of which is entitled "Lawyers Professional Liability", found at Section II of the Policy. The Lawyers Professional Liability Policy effective date is April 1, 1972, at which time the Policy contained a limit of liability of $100,000 each occurrence with a deductible amount of $2,500. The Policy continued through April 1, 1974, at which time the deductible amount was changed to $500. The Policy terminated on April 1, 1975.

As to the policy period, Paragraph 6.C. of the Policy provides as follows:

> C. Policy Period; Territory. This Insuring Agreement applies within the United States of America, its territories or possessions or Canada to professional services performed for others (1) during the period of this Insuring Agreement (2) prior to the effective date of this Insuring Agreement if claim is made or suit is brought during the period of this Insuring Agreement and providing the Insured had no knowledge or could not have reasonably foreseen any circumstances which might result in a claim or suit at the effective date of this Insuring Agreement. With respect to an Insured who becomes an Insured under this Insuring Agreement subsequent to its effective date, the Insuring Agreement period under (1) and (2) shall begin as of that effective date.

St. Paul reserves its rights as to whether the Policy requires that a claim be made or suit be brought during the policy period in order for coverage to apply.

Pursuant to Paragraph 4 of the Policy, the $100,000 each occurrence limit of liability is the limit of St. Paul's liability for all damages arising out of the same professional services regardless of the number of claims or claimants. Therefore, to the extent that claims and claimants may make allegations against Mr. Cohn alleging damages arising out of the same professional services, the $100,000 each occurrence limit of liability is the limit of St. Paul's liability.

Philip C. Smith, Esq.
Christopher F. Davis, Esq.
May 3, 2001
Page 3

Amounts payable under the Policy are also subject to the Policy deductible. Paragraph 3 of the Policy, entitled "Deductible", provides as follows:

> It is agreed that in the event of a claim the amount indicated in the Schedule shall be deducted from the total amount resulting from each occurrence and the Company shall be liable only for the difference between such deductible amount and the amount of insurance otherwise applicable to each claim. Such deductible amount shall not apply to the coverage provided under General Condition 32, Defense, Settlement, Supplementary Payments of this Policy or Special Condition C of this Insuring Agreement.

The Policy provides the following relative to defense of Insureds at Paragraph 6.A. of the Policy:

> A.   Defense, Settlement, Supplementary Payments. As respects such insurance as is afforded by the other terms of this Insuring Agreement the Company shall (a) defend in his name and behalf any suit against the Insured alleging damages, even if such suit is groundless, false, or fraudulent; but the Company shall have the right to make such investigation and negotiation of any claim or suit as may be deemed expedient by the Company. The Company, however, shall not make settlement or compromise any claim or suit without the written consent of the Insured.

Paragraph 32 of the Policy then continues:

> The Company will pay, in addition to the applicable limit of liability:
>
> (B)   All expenses incurred by the Company, all costs taxed against the Insured in any suit defended by the Company and all interest on the entire amount of any judgment therein which does not exceed the limit of the Company's liability thereon;
>
> (C)   Premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this Policy, and the cost of bail bonds required of the Insured because of accident or traffic law violation

Philip C. Smith, Esq.
Christopher F. Davis, Esq.
May 3, 2001
Page 4

      arising out of the use of any vehicle to which this Policy applies, but the Company shall have no obligation to apply for or furnish any such bonds;

(D)    Expenses incurred by the Insured for first aid to others at the time of an accident, for bodily injury to which this Policy applies;

(E)    Reasonable expenses incurred by the Insured at the Company's request, including actual loss of wages or salary (but not loss of other income) not to exceed $25 per day because of his attendance at hearings or trials at such request.

St. Paul reserves its rights relative to whether defense fees and costs incurred on behalf of Insureds would deplete the Policy's limit of liability.

The "Coverage" portion of the Policy, contained at Paragraph 2, provides as follows:

    The Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages arising out of the performance of professional services for others in the Insured's capacity as a lawyer and caused by the Insured, or any other person for whose acts the Insured is legally liable. (The performance of professional services shall be deemed to include the Insured's acts as an administrator, conservator, executor, guardian, trustee or any similar fiduciary capacity, but only to the extent for which in the usual attorney-client relationship the Insured would be legally responsible as attorney for a fiduciary.)

St. Paul reserves its rights as to whether Mr. Cohn was acting in the performance of professional services for others in his capacity as a lawyer. St. Paul also reserves its rights to the extent any claimants request injunctive relief against Mr. Cohn, rather than damages, and as to whether Mr. Cohn has become legally obligated to pay as damages any amounts under the Policy to date.

    We also bring to your attention Exclusion 5 A. of the Policy which provides that the Policy does not apply "to any dishonest, fraudulent, criminal, malicious act or omission of the Insured ...". St. Paul reserves its rights concerning this Policy exclusion as well and reserves its rights as to whether Maryland law allows the insurability of intentional acts and/or punitive damages.

STP 000075

904230 v1

00097

Philip C. Smith, Esq.
Christopher F. Davis, Esq.
May 3, 2001
Page 5

    We also bring to your attention Paragraph 30 of the Policy which provides as follows:

INSURED'S DUTIES IN THE EVENT OF LOSS,
OCCURRENCE, CLAIM OR SUIT

(A) Upon the occurrence of any casualty or event for which coverage is afforded by this Policy, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable. The Named Insured shall promptly take at his expense all reasonable steps to prevent other bodily injury or property damage from arising out of the same or similar conditions, but such expense shall not be recoverable under this Policy.

(B) If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice summons or other process received by him or his representative.

(C) The Insured shall cooperate with the Company and, upon the Company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured because of bodily injury or property damage with respect to which insurance is afforded under this Policy; and the Insured shall attend hearings and trial sand assist in securing and giving evidence and obtaining the attendance of witnesses. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

(D) Upon request of the Company the Insured shall, within a reasonable time after determining the amount of any loss submit to the Company an itemized proof of loss, duly sworn to.

Philip C. Smith, Esq.
Christopher F. Davis, Esq.
May 3, 2001
Page 6

 Moreover, St. Paul reserves its rights with regard to Paragraph 31 of the Policy, which provides as follows:

> ASSISTANCE AND COOPERATION OF THE INSURED
>
> The Insured shall cooperate (except in a pecuniary manner) with the Company and, at the Company's request and expense, shall attend hearings and trials and shall assist in effecting settlements, securing and given evidence, obtaining the attendance of witnesses and in the conduct of suits. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the casualty or event.

We bring to your attention Paragraph 37 of the Policy which provides as follows:

> FRAUD AND MISREPRESENTATION.
>
> This Policy and its Insuring Agreements shall be void if the Insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or in case of any fraud, attempted fraud or false swearing by the Insured pertaining to this insurance or the subject thereof, whether before or after a loss. However, unintentional errors or omissions on the part of the Insured shall not operate to prejudice the rights of the Insured under this Policy and its Insuring Agreements.

Paragraph 40 of the Policy provides as follows:

> DECLARATIONS. By acceptance of this Policy, the Named Insured agrees that the statements in the Declarations are his agreements and representations, that this Policy is issued in reliance upon the truth of such representations and that this Policy embodies all agreements existing between himself and the Company or any of its agents relating to this Policy.

St. Paul reserves its rights as to whether Mr. Cohn has complied with these notice and cooperation clauses of the Policy and as to whether St. Paul maintains a right to rescind the Policy pursuant to these Policy provisions and the common law of the State of Maryland. St. Paul also reserves its rights relative to the common law doctrines of expected/intended loss,

Philip C. Smith, Esq.
Christopher F. Davis, Esq.
May 3, 2001
Page 7

known loss, and as to the prior acts and/or knowledge of Mr. Cohn and his firm before inception of the Policy.

The Policy's "Other Insurance" provision, contained at Paragraph 4.D. of the Policy, provides as follows:

> D. Other Insurance. If the Insured has other insurance against a loss covered by this Insuring Agreement, the Company shall not be liable under this Insuring Agreement for a greater proportion of such loss than the applicable limit of liability stated in the Schedule bears to the total limit of liability of all valid and collectible insurance against such loss. However, with respect to professional services rendered prior to the effective date of this Insuring Agreement the insurance hereunder shall apply only as excess insurance over any other valid and collectible insurance and shall then apply only if the amount by which the applicable limit of liability of this Insuring Agreement exceeds the sum of the applicable limits of liability of all such other insurance.

At your earliest convenience, please provide us with all information concerning other insurance which may be available for these matters, including copies of your letters of notice to such insurers and these other insurers' responses to said notice, along with copies of the other insurers' policies.

Again, please notify us immediately if you wish to tender the defense of the Waller Complaint to St. Paul. Should such tender be made, Mr. Cohn is entitled to retain independent counsel to represent him in the Waller matter at the expense of St. Paul, consistent with Maryland law. Mr. Cohn's right to independent counsel arises as a result of actual conflicts of interest which may arise due to the rights St. Paul will likely reserve under the Policy in the event the Waller lawsuit is tendered. At this time, St. Paul reserves the right to appoint panel counsel to participate with Mr. Cohn's independent counsel in representing Mr. Cohn's interests in the Waller lawsuit and further reserves the right to review the relevant experience and billing rates of Mr Cohn's chosen counsel.

We hope that you can appreciate that we are acting under a complete reservation of St. Paul's rights, remedies and defenses under the Policy and under applicable law. We look forward to your providing the requested information to us at your earliest convenience. Of course, in the interim, should you have any questions or concerns, please do not hesitate to call the undersigned.

Philip C. Smith, Esq.
Christopher F. Davis, Esq.
May 3, 2001
Page 8

Very truly yours,

By _____
Joseph W.E. Schmitt
Professional E&O Claim Attorney

JS:mld

Enclosure