IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT

WESTPORT INSURANCE CORPORATION,)

               Plaintiff,

vs.

ST. PAUL FIRE & MARINE INSURANCE
COMPANY,

               Defendant.

Civil Action No.: AMD-02-1774

## ST. PAUL FIRE & MARINE INSURANCE COMPANY'S ANSWER AND COUNTERCLAIM AGAINST WESTPORT INSURANCE CORPORATION

Defendant St. Paul Fire & Marine Insurance Company ("St. Paul"), by and through

its attorneys, Ross, Dixon & Bell, L.L.P., for its Answer to the Complaint, states as follows:

### VENUE AND JURISDICTION

1.    St. Paul admits the allegations of Paragraph 1.

2.    St. Paul admits the allegations of Paragraph 2.

### PARTIES

3.    St. Paul admits the allegations of Paragraph 3.

4.    St. Paul admits the allegations of Paragraph 4.

### THE ST. PAUL POLICIES

5.    St. Paul admits the allegations of Paragraph 5.

6.    St. Paul lacks knowledge sufficient to form a belief as to the allegations of

the first and third sentences of Paragraph 6 and states that the policy speaks for itself as to

the remaining allegations. St. Paul disputes that coverage was provided for prior policy

periods.

**EXHIBIT
A**

00134

## THE WESTPORT POLICY

7.     St. Paul admits the allegations of Paragraph 7.

## FACTS

8.     St. Paul lacks knowledge sufficient to form a belief as to the allegations of Paragraph 8.

9.     St. Paul lacks knowledge sufficient to form a belief as to the allegations of Paragraph 9.

10.     St. Paul lacks knowledge sufficient to form a belief as to the allegations of Paragraph 10.

11.     St. Paul lacks knowledge sufficient to form a belief as to the allegations of Paragraph 11.

12.     St. Paul lacks knowledge sufficient to form a belief as to the allegations of Paragraph 12.

13.     St. Paul lacks knowledge sufficient to form a belief as to the allegations of Paragraph 13.

14.     St. Paul lacks knowledge sufficient to form a belief as to the allegations of Paragraph 14.

15.     St. Paul lacks knowledge sufficient to form a belief as to the allegations of Paragraph 15.

16.     St. Paul denies the allegations of Paragraph 16.

17.     St. Paul admits the allegations of Paragraph 17.

18.     St. Paul lacks knowledge sufficient to form a belief as to the allegations of Paragraph 18.

19.     St. Paul admits the allegations of Paragraph 19.

00135

2

912721 v1

20. St. Paul admits the allegations of Paragraph 20.

21. St. Paul denies the allegations of Paragraph 21.

22. St. Paul denies the allegations of Paragraph 22 as legal conclusions.

23. St. Paul admits the allegations of Paragraph 23.

24. St. Paul denies the allegations of Paragraph 24 as legal conclusions.

25. St. Paul denies the allegations of Paragraph 25.

26. St. Paul admits the allegations of Paragraph 26 but denies it has the primary

obligation to defend and indemnify Cohn.

## COUNT I

### INDEMNIFICATION

27. St. Paul reasserts its answers to Paragraphs 1-26 above as if set forth in full.

28. St. Paul admits the allegations of Paragraph 28.

29. St. Paul admits the allegations of Paragraph 29.

30. St. Paul admits the allegations of Paragraph 30.

31. St. Paul denies the allegations of Paragraph 31 as a legal conclusion.

32. St. Paul denies the allegations of Paragraph 32.

33. St. Paul denies the allegations of Paragraph 33.

WHEREFORE, St. Paul denies that Westport is entitled to any relief and prays for

the entry of judgment on behalf of St. Paul.

## COUNT II

### CONTRIBUTION

34. St. Paul reasserts its answers to Paragraphs 1-33 as if set forth in full.

35. St. Paul denies the allegations of Paragraph 35.

36. St. Paul denies the allegations of Paragraph 36.

3

00136

37.    St. Paul denies the allegations of Paragraph 37.

WHEREFORE, St. Paul denies that Westport is entitled to any relief and prays for

the entry of judgment on behalf of St. Paul.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Westport has agreed to release St. Paul for all indemnity payments made by

Westport which release will soon be reduced to writing.

### Second Affirmative Defense

Westport, not St. Paul, has the primary duty to defend.

### Third Affirmative Defense

To the extent Westport paid or agreed to pay fees, costs, expenses, consulting fees,

expert fees or accounting fees prior to the Waller complaint being tendered for a defense, St.

Paul does not have any obligation to pay or reimburse those fees.

### Fourth Affirmative Defense

To the extent that any of the fees or costs paid by Westport were unreasonable, St.

Paul has no obligation to reimburse Westport for those fees.

## COUNTERCLAIM AGAINST WESTPORT INSURANCE CORPORATION

### VENUE AND JURISDICTION

1.    Jurisdiction in this matter is based upon diversity of citizenship pursuant to

28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000, exclusive of interest

and costs.

2.    Venue is appropriate under 28 U.S.C. § 1391 because the events or omissions

giving rise to the claim occurred, in part, in this judicial district.

4

00137

912721 v1

## PARTIES

3.     Westport is a Missouri corporation with its principal place of business in

Overland Park, Kansas.

4.     St. Paul is a Minnesota corporation with its principal place of business in

Minnesota.

## THE ST. PAUL POLICIES

5.     St. Paul issued Policy no. 619NA0039 to Burke, Gerber & Wilen for the

policy period of April 1, 1972 to April 1, 1975 ("the St. Paul Policy").

## THE WESTPORT POLICY

6.     Westport issued to Blum, Yumkas claims-made lawyers professional liability

policy no. MDL-022344-3 for the policy period of January 1, 1999 to January 1, 2000 ("the

Westport Policy").

## FACTS

7.     Upon information and belief, Irving Cohn ("Cohn") while a partner in the

firm of Burke, Gerber & Wilen, was the Trustee for numerous trusts created by members of

the Shapiro family.

8.     Upon information and belief, Cohn continued as Trustee after Burke, Gerber

dissolved and after he became associated with the firm of Blum, Yumkas, Gutman &

Denick, P.A.

9.     Upon information and belief, various beneficiaries of the Shapiro trusts

contacted Cohn threatening litigation for Cohn's alleged mishandling and mismanagement

of the Shapiro trusts and requesting accountings of various Shapiro trusts.

10.     Pursuant to its policy, and subject to a full reservation of rights, Westport

agreed to defend Cohn and Blum, Yumkas against these matters.

5

912721 v1

00138

11.   The Waller Lawsuit was not tendered for defense and/or indemnity to St.

Paul until April 6, 2001.

12.   St. Paul has incurred substantial expenses and costs in providing Cohn a

defense with regard to the Waller lawsuit.

13.   St. Paul contends that Westport has the primary obligation to defend and

indemnify Cohn for the Waller lawsuit. Westport denies this obligation.

**COUNT I**

**INDEMNIFICATION**

14.   St. Paul realleges paragraphs 1-13 above, as though fully set forth herein as

paragraph 14 of this Count I.

15.   The St. Paul Policy contains the following "Other Insurance" clause:

> 35.   OTHER INSURANCE. The insurance afforded by this Policy
> is primary insurance, except when stated to apply in excess of
> or contingent upon the absence of other insurance. When this
> insurance is primary and the Insured has other insurance
> which is stated to be applicable to the loss on an excess or
> contingent basis, the amount of the Company's liability under
> this Policy shall not be reduced by the existence of such other
> insurance.
>
> When both this insurance and other insurance apply to the loss on the
> same basis, whether primary, excess or contingent, the Company
> shall not be liable under this Policy for a greater proportion of the loss
> than that stated in the applicable contribution provision below:
>
> * * *

16.   The Westport Policy contains the following "other insurance" clause:

> VI.   OTHER INSURANCE OF A PRIOR LAW FIRM
> If a Prior Firm has other insurance applicable to a Claim against the
> Insured(s) covered by this Coverage Unit, this Policy is specifically issued as
> excess insurance over and above the applicable limits of liability of all such
> other insurance regardless of whether such other insurance is written as
> primary, contributory, excess, contingent or otherwise.

912721 v1                                                      00139

17.    Pursuant to these clauses, Westport has the primary obligation to defend Irving Cohn for the claims asserted against him. Despite Westport's primary obligations, St. Paul has paid approximately $90,000 in the defense of this matter.

18.    St. Paul is entitled to indemnity from Westport for the amounts it has paid to defend and indemnify Irving Cohn.

## COUNT II

## CONTRIBUTION

19.    St. Paul realleges paragraphs 1-18 above, as though fully set forth herein as paragraph 19 of this Count II

20.    St. Paul defended Irving Cohn against the claims asserted, despite Westport's obligations under its own policy.

21.    Westport has a primary and/or coextensive obligation to provide indemnity to Irving Cohn for these matters.

22.    As an alternative to full indemnification, St. Paul is entitled to contribution from Westport for the defense fees expended.

912721 v1

00140

WHEREFORE, St. Paul Fire & Marine Insurance Company asks this Court to enter judgment in its favor and against Westport for indemnification and/or contribution for the amounts St. Paul paid to defend Irving Cohn in an amount not less than $90,000, and for any other relief this Court deems just and appropriate, including the award of St. Paul's costs.

Respectfully submitted,

ROSS, DIXON & BELL, L.L.P.

Dated: June 17, 2002

By _____

Richard A. Simpson
Maryland Federal Bar No. 014714
2001 K Street, N.W.
Washington, D.C. 20006-1040
Phone: (202) 662-2035
Facsimile: (202) 662-2190

*Attorneys for Defendant St. Paul Insurance Company*

Of Counsel:

Michael P. Tone
Ross, Dixon & Bell, LLP
Three First National Plaza, Suite 525
Chicago, IL 60602
Phone – 312-759-1920
Facsimile – 312-759-1939

00141

8

912721 v1

## CERTIFICATE OF SERVICE

I certify that on this __27__ day of June, 2002, service of a true and complete copy of the above and forgoing pleading was made upon the following by depositing in the U.S. Mail, postage prepaid:

| | |
|---|---|
| Paul Cottrell<br>Tighe, Cottrell & Logan, P.A.<br>First Federal Plaza, Suite 500<br>P.O. Box 1031<br>Wilmington, DE 19899 | Michelle M. Bracke, Esq.<br>Bollinger Ruberry & Garvey<br>500 W. Madison Street, Suite 2300<br>Chicago, Illinois 60661-2511 |

Richard A. Simpson

00142

9

912721 v1