IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WESTPORT INSURANCE CORPORATION, )
)
Plaintiff, )
vs. ) Civil Action No.: AMD-02-1774
)
ST. PAUL FIRE & MARINE INSURANCE )
COMPANY, )
)
Defendant. )

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant St. Paul Fire & Marine Insurance Company ("St. Paul"), by and through its attorneys, Ross, Dixon & Bell, LLP, for its Answers, pursuant to Federal Rules of Civil Procedure, Rule 36 answers as follows:

### REQUESTS FOR ADMISSION

1. Admit that Irving Cohn was an insured pursuant to the terms of St. Paul Policy No. 619NA0039 issued to the law firm of Burke, Gerber & Wilen for the policy period of April 1, 1972 to April 1, 1975.

   **RESPONSE:** Admitted that Irving Cohn was an insured pursuant to the terms of the St. Paul Policy provided to St. Paul by Irving Cohn's insurance broker, policy no. 619NA0039 issued to the law firm of Burke, Gerber & Wilen for the policy period of April 1, 1972 to April 1, 1975.

2. Admit that Exhibit A is a true and accurate copy of policy St. Paul Policy No. 619NA0039.

   **RESPONSE:** Admitted that Exhibit A is a copy of a St. Paul Policy provided to St. Paul by Irving Cohn's insurance broker.

3. Admit that you first received notice of claims against Irving Cohn for the alleged mishandling of the Shapiro Trusts in May of 2000.

   **RESPONSE:** Admitted that around May of 2000 St. Paul received notice of claim against Irving Cohn in connection with the Shapiro Trusts

00178

930059 v3

4. Admit that Phil C. Smith of Hearne & Bailey, P.A. orally notified you on May 31, 2000, of claims against Irving Cohn for the alleged mishandling of the Shapiro Trusts.

**RESPONSE:** Admitted that St. Paul was orally notified by Hearne & Bailey, P.A. on May 31, 2000 with respect to a claim against Irving Cohn in connection with the Shapiro Trusts.

5. Admit that you received the correspondence attached hereto as Exhibit B.

**RESPONSE:** Admitted.

6. Admit that Exhibit B is a true and accurate copy of the correspondence you received from Phil C. Smith of Hearne & Bailey, P.A.

**RESPONSE:** Admitted.

7. Admit that Exhibit B notified you of a claim against Irving Cohn for his alleged mismanagement of the Shapiro Trusts.

**RESPONSE:** Admitted that Exhibit B informed St. Paul that a potential lawsuit by Roberta and Jeffrey Borenstein against Mr. Cohn existed relating to the Shapiro Trusts.

8. Admit that Exhibit B included a copy of a draft Complaint naming Irving Cohn as a defendant.

**RESPONSE:** Admitted.

9. Admit that prior to February 16, 2001, you informed Phil C. Smith of Hearne & Bailey, P.A., that you intended to send him a letter stating your coverage position related to the claims against Irving Cohn.

**RESPONSE:** Admitted that prior to February 16, 2001 St. Paul inform Hearn & Bailey, P.A. that St Paul intended to send a more comprehensive statement of its coverage position.

10. Admit that you never sent Phil C. Smith of Hearne & Bailey, P.A., any correspondence stating your coverage position related to the claims against Irving Cohn prior to April 6, 2001.

**RESPONSE:** Denied that St. Paul never sent Hearne & Baily, P.A. any correspondence stating its coverage position related to the claims against Irving Cohn prior to April 6, 2001.

11. Admit that you never orally notified Phil C. Smith of Hearne & Bailey, P.A., of your coverage position related to the claims against Irving Cohn prior to April 6, 2001.

**RESPONSE:** Denied.

12. Admit that you never sent Irving Cohn any correspondence stating your coverage position related to the claims against him prior to April 6, 2001.

**RESPONSE:** Admitted

13. Admit that you never notified orally Irving Cohn of your coverage position related to the claims against him prior to April 6, 2001.

**RESPONSE:** Admitted.

14. Admit that prior to May 3, 2001, you never offered or agreed to provide Irving Cohn with a defense against the claims asserted against him related to his alleged mismanagement of the Shapiro Trusts.

**RESPONSE:** Admitted.

15. Admit that you did not inquire as to the status of claims against Irving Cohn for his alleged mismanagement of the Shapiro Trusts during the period of June 1, 2000 to April 6, 2001.

**RESPONSE:** Denied.

16. Admit that prior to May 3, 2001, you did you [sic] request information from Phil C. Smith of Hearne & Bailey, P.A. regarding the status of the claims against Irving Cohn for his alleged mismanagement of the Shapiro Trusts.

**RESPONSE:** Admitted.

17. Admit that prior to May 3, 2001, you did you [sic] request information from Irving Cohn regarding the status of the claims against him for his alleged mismanagement of the Shapiro Trusts.

**RESPONSE:** Denied.

18. Admit that you never undertook any investigation of the claims asserted against Irving Cohn for the alleged mismanagement of the Shapiro Trusts.

**RESPONSE:** Denied.

930059 v3

3

00180

19. Admit that you never requested information from Irving Cohn regarding the claims asserted against him for the alleged mismanagement of the Shapiro Trusts.

RESPONSE: Admitted that St. Paul never requested information directly from Irving Cohn regarding the claims asserted against him in connection with the Shapiro Trusts.

20. Admit that you received notice of the Waller lawsuit on April 6, 2001.

RESPONSE: Admitted that St. Paul first received a copy of the Waller lawsuit from Westport's coverage counsel on April 6, 2001.

21. Admit that your first communication with Irving Cohn regarding the claims asserted against him for the alleged mismanagement of the Shapiro Trusts was on May 3, 2001.

RESPONSE: Denied.

22. Admit that Exhibit C is a true and accurate copy of correspondence you directed to Phil C. Smith of Hearne & Bailey, P.A.

RESPONSE: Admitted.

23. Admit that Exhibit C was the first correspondence you sent to Phil C. Smith of Hearne & Bailey, P.A. regarding the claims asserted against him for the alleged mismanagement of the Shapiro Trusts.

RESPONSE: Denied.

24. Admit that you received the correspondence attached hereto as Exhibit D.

RESPONSE: Admitted.

25. Admit that Exhibit D is a true and accurate copy of the letter you received from Westport's counsel.

RESPONSE: Admitted.

26. Admit that in Exhibit D Westport's counsel requested that you assume Irving Cohn's defense of all claims and lawsuits asserted against him for the alleged mismanagement of the Shapiro Trusts.

RESPONSE: Admitted.

27. Admit that in correspondence to Westport's counsel dated July 12, 2001, you refused to defend Irving Cohn against the claims asserted against him for the alleged mismanagement of the Shapiro Trusts.

**RESPONSE:** Denied.

28. Admit that Exhibit E is a true and accurate copy of correspondence you directed to Westport's counsel.

**RESPONSE:** Admitted.

29. Admit that in correspondence to Westport's counsel dated July 12, 2001, you stated that you refused to fully defend and indemnify Cohn for the Waller lawsuit.

**RESPONSE:** Denied.

Respectfully submitted,

ROSS, DIXON & BELL, LLP

Dated: July 13, 2004    By: _____
Michael P. Tone
Ross, Dixon & Bell, LLP
Three First National Plaza, Suite 525
Chicago, IL 60602
Phone – 312-759-1920
Facsimile – 312-759-1939

*Attorney for Defendant St. Paul Insurance Company*

00182

## CERTIFICATE OF SERVICE

I certify that on this 13th day of July, 2004, service of a true and complete copy of the above and forgoing pleading was made upon the following by depositing in the U.S. Mail, postage prepaid:

| Paul Cottrell<br>Tighe, Cottrell & Logan, P.A.<br>First Federal Plaza, Suite 500<br>P.O. Box 1031<br>Wilmington, DE 19899 | Michelle M. Bracke, Esq.<br>Bollinger Ruberry & Garvey<br>500 W. Madison Street, Suite 2300<br>Chicago, Illinois 60661-2511 |
|---|---|

_____
Michael P. Tone

930059 v3                                6                                00183