IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No : AMD-02-1774 |
| ) | |
| ST. PAUL FIRE & MARINE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, ST. PAUL FIRE & MARINE INSURANCE COMPANY

NOW COMES, Plaintiff, WESTPORT INSURANCE CORPORATION ("Westport"), by and through its attorneys, BOLLINGER, RUBERRY & GARVEY, and pursuant to Federal Rule of Civil Procedure 33 propounds the following Interrogatories to Defendant, ST PAUL FIRE & MARINE INSURANCE COMPANY.

### DEFINITIONS

The following definitions apply wherever the defined word appears in this First Set of Interrogatories, except as otherwise indicated:

1. "You," or "Your," refers to ST. PAUL FIRE & MARINE INSURANCE COMPANY ("St. Paul") and includes any parents, subsidiaries, affiliates, divisions, predecessors or successors in interest, and any other entities that are associated with St. Paul as well as present and former officers, executives, partners, directors, trustees, agents, employees, attorneys, accountants, representatives, investigators, and all other persons acting or purporting to act on their behalf, and any of their parent corporations, subsidiaries, affiliates, divisions, and predecessors or successors in interest.

1

00184

2. "Waller lawsuit" refers to the litigation conducted pursuant to the Complaint filed by Eric Waller under civil action no 24-C-01-001471 against, inter alia, Irving Cohn in the Circuit Court of Baltimore County, Maryland

3. "Irving Cohn" or "Mr. Cohn" refers to the attorney and former partner at the law firms of Burke, Gerber & Wilen as well as Blum, Yumkas, Gutman, & Denick, P.A. and whose actions as Trustee for certain family trusts are the subject of the present litigation, as well as his present and former attorneys, accountants, representatives, investigators, and all other persons acting or purporting to act on his behalf

4. "Shapiro trusts" or "Shapiro trust" refers to the trusts created in the late 1950s and early 1960s by the Shapiro family for the benefit of certain decedents over which Irving Cohn was Trustee and as are more fully described in the pleadings filed in the present litigation

5. "Document(s)" shall mean any writing graphic matter or other tangible thing, whether printed, recorded, produced by process, or written or produced by hand, including but not limited to letters, reports or other written communication, correspondence, telefaxes, telegrams, memoranda, summaries, records, or oral conversations, original or preliminary notes, electronic transmissions, E-mail notes, calendars, travel records or itineraries, forecasts, analysis, projections, work papers, photographs, tape recordings, videotapes, models, statistical statements, graphs, compute input and output, minutes and records of meetings, minutes or records of conferences, expression or statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, audits, evaluations, records, summaries of negotiations, contracts, agreements, leases, loan agreements, insurance policies, brochures, pamphlets, advertisements, circulars, trade letters, press releases, invoices, receipts, including preliminary drafts or revisions or copies of any of the foregoing that is in any way different from the original no in Defendant's possession, custody or control, or the possession, custody or control of Defendant's counsel, independent public accountants, agents, employees and/r persons acting on Defendant's behalf. As used herein, "control" manes the actual possession, constructive possession, beneficial ownership, power to obtain, and ability to control any document

6. "Person" means any natural person or any business, legal or governmental entity.

7. "Communication" shall mean any transmission of words, thoughts or information between or among two or more persons and includes, but is not limited to, spoken words, conversations, meetings, conferences, discussions, talks and reports whether transmitted in person or by any electronic devise such as telephone or radio and documents as defined above

8. "And" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following requests all documents which might otherwise be construed outside their scope

2

00185

9. "Regarding" or "relating to" means directly or indirectly mentioned or describing, pertaining to, being connected with, or reflecting upon a stated subject matter

10. "Identify" or "state the identity of" means:
    (a)    When used in reference to a person, to state his or her:

        i.    Full name(s), present or last known home and business address, including street name and number, city or town and zip code;

        ii.    Present or last known position, jot title and job description; and

        iii.    Present or last known home and business phone number;

    (b)    When used in reference to any entity other than a person including but without limitation, companies, corporations, partnerships, associations, joint ventures, trusts, estates, governmental bodies, public agencies, departments, bureaus, and boards, to state its:

        i.    Full name and type of organization or entity;

        ii.    Address of principal place of business; and

        iii.    Jurisdiction and date of incorporation of organizations, if known.

    (c)    When used in reference to documents, as defined here, to state:

        i.    The name and date of the document; the name and address of the person or persons originating the document; the name and address of any of the person or persons to whom the document is addressed; the names and addresses of all persons to whom copies of the documents were to have been sent; and the organization, firm or agency with which any such persons were connected as of the date of the documents;

        ii.    Whether APE is in possession of or has had under its control the original or a copy of the document, and, if not in possess of an original or copy, the name and address of the custodian of each original copy an the name and address of each person who believes present is in possession of the original or copy of such document;

        iii.    The general nature of the document

3

(d) When used in reference to conversations, to state the date and place and approximate time of day of the conversation, the identity of all persons in attendance, the subject matter and reason for the conversation, the statements made by each person, including the context in which they were made and the identity of any writings or recordings which exist relating thereto

(e) When used in reference to any other item or information, a particular description of the same.

11. The term "describe" means to specify in detail and to particularize the content of document, communication, act or even, or series of documents, communications, acts or events by using factual statements and not to summarize or outline the documents, communications, acts, events, or series thereof.

12. The term "all" means any and all, and the term "any" likewise means any and all.

13 The term "claim(s)" means any report of injury (including injuries to employees or patrons), damage or loss, request for investigation, notice of lawsuit, notice of claim and/or request for coverage made to any insurer. The singular includes the plural and vice versa; masculine includes.

## INTERROGATORIES

1. Please identify the name, current address, employer and job title of the person signing these Interrogatories on behalf of ST PAUL FIRE & MARINE INSURANCE COMPANY ("St Paul"), and for each Interrogatory, identify each person who was consulted or contributed to formulating its answer.

ANSWER:

2. Identify and describe in detail any and all documents reviewed or referred to by you and/or any person assisting you in the preparation of St. Paul's responses to these Interrogatories.

ANSWER:

3. Identify and describe in detail the date and manner in which you first became aware of any claims against Irving Cohn arising from his alleged mishandling of the Shapiro Trusts.

ANSWER:

4

00187

4.	Describe manner in which you first received notice of the Waller Lawsuit, including but not limited to the date of said notice, whether said notice was oral or written, and the content of any written instrument accompanying said notice.

ANSWER:


5.	Identify and describe and describe in detail any communication, if any, you had with anyone, including the date, nature and substance thereof, that occurred prior to receiving notice of the existence of the Waller lawsuit, in which there was a discussion indicating that you were aware of the existence of claims against Irving Cohn arising from his alleged mishandling of the Shapiro Trusts.

ANSWER:


6.	Identify and describe the nature, substance and outcome of any investigation, if any, you undertook with respect to claims against Irving Cohn arising from his alleged mishandling of the Shapiro Trusts prior to receiving notice of the existence of the Waller lawsuit.

ANSWER:


7.	Identify and describe in detail what, if any, action(s) you undertook to defend Irving Cohn against claims arising from his alleged mishandling of the Shapiro Trusts prior to receiving notice of the existence of the Waller lawsuit.

ANSWER:


8.	Identify and describe the nature, substance and outcome of any investigation, if any, you undertook with respect to claims against Irving Cohn arising from his alleged mishandling of the Shapiro Trusts after receiving notice of the existence of the Waller lawsuit.

ANSWER:

00188

9. Identify and describe in detail what, if any, action(s) you undertook to defend Irving Cohn against claims arising from his alleged mishandling of the Shapiro Trusts <u>after</u> receiving notice of the existence of the Waller lawsuit.

ANSWER:

10. State whether St. Paul engaged counsel on behalf of Irving Cohn to provide him with a defense to the Waller lawsuit. If your answer is the affirmative please:

(a) Identify the name of law firm(s) or attorney(s) retained to provide such a defense;

(b) Identify the dates between which the law firm(s) or attorney(s) identified in sub-part (a) of this interrogatory undertook such a defense;

(c) State the total amount of legal fees and/or expenses charged to St. Paul by the law firm(s) or attorney(s) identified in sub-part (a) of this interrogatory for its defense of Irving Cohn in the Waller lawsuit; and

(d) State, if known, the total amount of legal fees and/or expenses incurred by the law firm(s) or attorney(s) identified in sub-part (a) of this interrogatory for its defense of Irving Cohn in the Waller lawsuit.

ANSWER:

11. State whether St. Paul incurred any fees, expenses and/or costs in providing Irving Cohn with a defense to the Waller lawsuit that were not identified in the previous interrogatory. If your answer is in the affirmative:

(a) Identify the total amount of such fees, expenses and/or costs;

(b) Identify the name of each entity or individual conducting the activity for which St. Paul was charged such a fee, expense or cost; and

(c) Describe the nature of each activity performed for which a fee, expense and/or cost was incurred.

ANSWER:

00189

12.     Identify and describe in detail any and all damages that you are claiming in Counts I and II of your Counterclaim against Westport not identified or described in Interrogatory numbers 10 and/or 11.

ANSWER:

13.     Identify and describe in detail the basis or bases for, any and all facts which allegedly support Count I of your Counterclaim against Westport, as set forth in your Answer and Counterclaim.

ANSWER:

14.     Identify and describe in detail the basis or bases for, any and all facts which allegedly support Count II of your Counterclaim against Westport, as set forth in your Answer and Counterclaim.

ANSWER:

15.     If you are asserting any affirmative defenses to Westport's Complaint, please identify and describe in detail the basis or bases therefor and any and all facts which allegedly support such affirmative defenses.

ANSWER:

16.     Identify each document you have destroyed, lost, misplaced or otherwise no longer have in your possession, custody or control, if such document is sought in Plaintiff's First Set of Requests for Production propounded on you.

ANSWER:

00190

17. Identify and describe each and every communication, oral or written, between you and Irving Cohn related to any claims against him arising out of his alleged mismanagement of the Shapiro Trusts during the period of May 1, 2000 to April 6, 2001

ANSWER:

18. If your answer to any request in Plaintiff' First Set of Requests for Admission is anything other than an unqualified admission please:

(a) State the basis or bases for each denial;

(b) Identify any and all facts which allegedly support each denial; and

(c) Identify and describe any documents that support each denial.

ANSWER:

## CERTIFICATION

Under penalty of perjury, the undersigned certifies that the answers and responses set forth in this instrument are true and correct

By: _____

_____, not in his/her individual capacity but as a representative of St. Paul Fire & Marine Insurance Company

Michelle Bracke, Admitted *pro hac vice*
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street
Suite 2300
Chicago, Illinois 60661
(312) 466-8000

Dated: June 15, 2004

8

00191