IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WESTPORT INSURANCE CORPORATION,)
                           )
        Plaintiff,       )
    vs.                  )   Civil Action No.: AMD-02-1774
                           )
ST. PAUL FIRE & MARINE INSURANCE  )
COMPANY,                  )
                           )
        Defendant.    )
                           )

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant St. Paul Fire & Marine Insurance Company ("St. Paul"), by and through

its attorneys, Ross, Dixon & Bell, LLP, for its Answers, pursuant to Federal Rules of Civil

Procedure, Rule 33 answers as follows:

## INTERROGATORIES

1.    Please identify the name, current address, employer and job title of the
person signing these Interrogatories on behalf of ST. PAUL FIRE & MARINE
INSURANCE COMPANY ("St. Paul"), and for each Interrogatory, identify each person
who was consulted or contributed to fomulating its answer.

    ANSWER: These persons are as follows:

Joseph Schmitt, Esq.
Professional E&O Claim Attorney
St. Paul Fire & Marine Insurance Company
385 Washington Street
St. Paul, MN  55102-1396

2.    Identify and describe in detail any and all documents reviewed or referred to
by you and/or any person assisting you in the preparation of St. Paul's responses to these
Interrogatories.

    ANSWER: Joseph Schmitt reviewed the claim file for this matter in preparing a

response to these Interrogatories. Attorneys for St. Paul reviewed the claim file and their

own files on this matter in preparing a response to these Interrogatories.

929955 v1

EXHIBIT
_____

00192

3.    Identify and describe in detail the date and manner in which you first became aware of any claims against Irving Cohn arising from his alleged mishandling of the Shapiro Trusts.

**ANSWER:** St. Paul believes it first became aware of claims against Irving Cohn arising from his alleged mishandling of the Shapiro Trusts during the course of a phone conversation with Phil C. Smith of Hearne & Bailey, P.A. on or about May 31, 2000. Around this same time, St. Paul received a copy of a letter written by Phil C. Smith to David Cohen of the Harry Cohen Insurance Agency concerning these allegations.

4.    Describe manner in which you first received notice of the Waller Lawsuit, including but not limited to the date of said notice, whether said notice was oral or written, and the content of any written instrument accompanying said notice.

**ANSWER:** St. Paul first received a copy of the Waller Lawsuit from Westport's coverage counsel on April 6, 2001, when it was handed by Michelle M. Bracke of Bollinger, Ruberry & Garvey to Kristi A. Gleim of Ross, Dixon & Bell, LLP.

5.    Identify and describe and describe in detail any communication, if any, you had with anyone, including the date, nature and substance thereof, that occurred prior to receiving notice of the existence of the Waller lawsuit, in which there was a discussion indicating that you were aware of the existence of claims against Irving Cohn arising from his alleged mishandling of the Shapiro Trusts.

**ANSWER:** In addition to the communications discussed in the Answer to Interrogatory #3, the following communications occurred prior to St. Paul having received notice of the existence of the Waller lawsuit and indicate that St. Paul was aware of the existence of claims against Irving Cohn arising from his alleged mishandling of the Shapiro Trusts:

- June 1, 2000 letter from Phil C. Smith of Hearne & Bailey, P.A. to Joseph Schmitt discussing their phone conversation of May 31, 2000 and enclosing a copy of a draft Complaint;

- May 31, 2000 phone conversation between Phil C. Smith of Hearne & Bailey, P.A. and Joseph Schmitt on or about May 31, 2000.

929955 v1

2

,

- May 26, 2000 fax from David Cohen of the Harry Cohen Insurance Agency, Inc. to Joseph Schmitt enclosing a copy of policy no. 619NA0039;

- May 25, 2000 series of e-mails between Karen Cherelstein, Kerry Evensen and Joseph Schmitt at St. Paul discussing the potential claim stemming from allegations of Irving Cohn's potential malpractice in the administration of a trust;

- May 25, 2000 fax from David Cohen of the Harry Cohen Insurance Agency, Inc. to Melva Turner of St. Paul enclosing a copy of policy no. 619NA0039 and correspondence;

St. Paul further answers that it had various conversations with the broker of the

policy.

6.      Identify and describe the nature, substance and outcome of any investigation, if any, you undertook with respect to claims against Irving Cohn arising from his alleged mishandling of the Shapiro Trusts prior to receiving notice of the existence of the Waller lawsuit.

ANSWER: *See* answer to Interrogatory 5.

7.      Identify and describe in detail what, if any, action(s) you undertook to defend Irving Cohn against claims arising from his alleged mishandling of the Shapiro Trusts prior to receiving notice of the existence of the Waller lawsuit.

ANSWER: Pursuant to the terms and conditions of the relevant policy, there is no

duty to defend prior receipt of an actual complaint. Accordingly, St. Paul did not have an

obligation to provide a defense at least until tender of an actual lawsuit.

8.      Identify and describe the nature, substance and outcome of any investigation, if any, you undertook with respect to claims against Irving Cohn arising from his alleged mishandling of the Shapiro Trusts after receiving notice of the existence of the Waller lawsuit.

ANSWER: St. Paul refers to Joseph Schmitt's May 3, 2001 letter to Phil C. Smith

and Chris Davis of Hearne & Bailey, P.A., which describes the nature, substance and

outcome of its investigation with respect to claims against Irving Cohn arising from his

alleged mishandling of the Shapiro Trusts after receiving notice of the existence of the

Waller lawsuit.

9. Identify and describe in detail what, if any, action(s) you undertook to defend Irving Cohn against claims arising from his alleged mishandling of the Shapiro Trusts after receiving notice of the existence of the Waller lawsuit.

ANSWER: St. Paul refers to Joseph Schmitt's May 3, 2001 letter to Phil C. Smith

and Chris Davis of Hearne & Bailey, P.A., which describes the nature, substance and

outcome of its investigation with respect to claims against Irving Cohn arising from his

alleged mishandling of the Shapiro Trusts after receiving notice of the existence of the

Waller lawsuit. St. Paul also refers to bills submitted by counsel appointed to defend Irving

Cohn in the Waller lawsuit.

10. State whether St. Paul engaged counsel on behalf of Irving Cohn to provide him with a defense to the Waller lawsuit. If your answer is the affirmative please:

(a) Identify the name of law firm(s) or attorney(s) retained to provide such a defense;

(b) Identify the dates between which the law firm(s) or attorney(s) identified in sub-part (a) of this interrogatory undertook such a defense;

(c) State the total amount of legal fees and/or expenses charged to St. Paul by the law firm(s) or attorney(s) identified in sub-part (a) of this interrogatory for its defense of Irving Cohn in the Waller lawsuit; and

(d) State, if know, the total amount of legal fees and/or expenses incurred by the law firm(s) or attorney(s) identified in sub-part (a) of this interrogatory for its defense of Irving Cohn in the Waller lawsuit.

ANSWER: St. Paul has not engaged counsel on behalf of Irving Cohn to provide

him with a defense to the Waller lawsuit.

11. State whether St. Paul incurred any fees, expenses and/or costs in providing Irving Cohn with a defense to the Waller lawsuit that were not identified in the previous interrogatory. If your answer is in the affirmative:

(a)    Identify the total amount of such fees, expenses and/or costs;

(b)    Identify the name of each entity or individual conducting the activity for which St. Paul was charged such a fee, expense or cost; and

(c)    Describe the nature of each activity performed for which a fee, expense and/or cost was incurred.

ANSWER: St. Paul has paid more than $90,000 in the defense of claims against Irving Cohn. St. Paul refers to bills submitted by counsel appointed to defend Irving Cohn in the Waller lawsuit.

12.    Identify and describe in detail any and all damages that you are claiming in Counts I and II of your Counterclaim against Westport not identified or described in Interrogatory numbers 10 and/or 11.

ANSWER: Other than the approximately $90,000 that St. Paul has expended in the defense of the claims against Irving Cohn, St. Paul only seeks attorneys' fees, the costs of this current action and any further relief the court deems appropriate. St. Paul refers to bills submitted by counsel appointed to defend Irving Cohn in the Waller lawsuit.

13.    Identify and describe in detail the basis or bases for, any and all facts which allegedly support Count I of your Counterclaim against Westport, as set forth in your Answer and Counterclaim.

ANSWER: St. Paul refers to the documents provided in response to Westport's First Set of Requests to Produce.

14.    Identify and describe in detail the basis or bases for, any and all facts which allegedly support Count II of your Counterclaim against Westport, as set forth in your Answer and Counterclaim.

ANSWER: St. Paul refers to the documents provided in response to Westport's First Set of Requests to Produce.

15.    If you are asserting any affirmative defenses to Westport's Complaint, please identify and describe in detail the basis or bases therefore and any and all facts which allegedly support such affirmative defenses.

929955 v1

5

00196

**ANSWER:** St. Paul refers to the documents provided in response to Westport's First

Set of Requests to Produce

16.    Identify each document you have destroyed, lost, misplaced or otherwise no longer have in your possession, custody or control, if such document is sought in Plaintiff's First Set of Requests for Production propounded on you.

**ANSWER:** St. Paul refers to the documents provided in response to Westport's First

Set of Requests to Produce.

17.    Identify and describe each and every communication, oral or written, between you and Irving Cohn related to any claims against him arising out of his alleged mismanagement of the Shapiro Trusts during the period of May 1, 2000 to April 6, 2001.

**ANSWER:** There are none.

18.    If your answer to any request in Plaintiff's First Set of Requests for Admission is anything other than an unqualified admission please:

    (a)    State the basis or bases for each denial;

    (b)    Identify any and all facts which allegedly support each denial; and

    (c)    Identify and describe any documents that support each denial.

**ANSWER:** St Paul answers that its Answer to Plaintiff's First Request for

Admission speaks for itself, and no further answer is required

                          Respectfully submitted,

                          ROSS, DIXON & BELL, LLP

Dated:  September 3, 2004       By Richard A. Simpson (with permission kcb)
                          Richard A. Simpson
                          Maryland Federal Bar No. 014714
                          2001 K Street, N.W.
                          Washington, D.C. 20006-1040
                          Phone: (202) 662-2035
                          Facsimile: (202) 662-2190

                          *Attorneys for Defendant St. Paul Insurance Company*

929955 v1

00197

Of Counsel:

Michael P. Tone
Ross, Dixon & Bell, LLP
Three First National Plaza, Suite 525
Chicago, IL 60602
Phone – 312-759-1920
Facsimile – 312-759-1939

00198

## VERIFICATION

The undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that she verily believes the same to be true



_____
Joseph W.F. Schmitt

Subscribed to and sworn to before me
this 3ᵈ    day of August, 2004.
              September

Samba A Teplic
Notary Public

SARAH A. TEPLEY
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2006

929955 v1                        8

00199

## CERTIFICATE OF SERVICE

I certify that on this ___3rd___ day of September, 2004, service of a true and complete copy of the above and forgoing pleading was made upon the following by depositing in the U.S. Mail, postage prepaid:

| | |
|---|---|
| Paul Cottrell<br>Tighe, Cottrell & Logan, P.A.<br>First Federal Plaza, Suite 500<br>P.O. Box 1031<br>Wilmington, DE 19899 | Michelle M. Bracke, Esq.<br>Bollinger Ruberry & Garvey<br>500 W. Madison Street, Suite 2300<br>Chicago, Illinois 60661-2511 |

_____
Kimberly E. Blair

00200

929955 v1

9