UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

December 10, 2004

RE: *Westport Insurance Co. v. St. Paul Fire & Marine Insurance Co.*
    PWG-02-1774

**LETTER ORDER**

Dear Counsel:

In this declaratory judgment action, which has been referred to me with the consent of the parties for final disposition and judgment, Paper Nos. 10 and 11, the parties have filed cross motions for summary judgment. (Papers No. 17, 24, 28, & 29). Additionally, they have submitted a Joint Stipulated Statement of Undisputed Material Facts and Documents. (Paper No. 30). A hearing was held in open court on December 7, 2004. Counsel made legal arguments, and thereafter I issued my ruling from the bench, providing a detailed explanation for my rulings, including an extensive reference to the dispositive case law. The contents of my ruling, which were transcribed, are incorporated herein by reference, and therefore are not repeated.

For the reasons stated during the hearing, I find that there is no genuine dispute of material fact, as the essential facts have been stipulated to by the parties. Moreover, it is clear from those undisputed facts that Westport is entitled to judgment as a matter of law, thereby making summary judgment appropriate under Rule 56.

From the undisputed stipulated facts it is clear that under Maryland law, which both parties agree governs, and which I discussed at length in my ruling, that St. Paul breached the duty to defend contained within the insurance policy that it issued to Irving Cohn, and his law firm. Additionally, as a matter of law, the "other insurance" provisions of both the Westport and St. Paul policies are implicated by the overlapping, or double coverage that exists. It was stipulated by the parties that the Westport policy is an "excess" policy and the St. Policy is a "pro-rata" policy. (Paper No. 30, Stipulated Fact No. 9). As such, under Maryland law the Westport policy prevails in a conflict with the St. Paul policy. As a consequence, so long as there is coverage under the St. Paul policy, Westport is not required to bear the cost of defense, or indemnification. Since the St. Paul policy is an occurrence policy, (Paper No. 30, Stipulated Fact No. 2), that does not limit the defense costs that must be expended on behalf of an insured once there is a duty

to defend, (Paper No. 30, Stipulated Documents at p. 0001 - 46), the entire defense costs incurred by Westport in defense of Cohn and his firm are attributable to St. Paul, and Westport is entitled to judgment from St. Paul for this amount.

The stipulated defense costs that Westport paid totals $1,539,363.28. (Paper No. 30, Stipulated Fact No. 31). Accordingly, summary judgment is entered, effective December 10, 2004, in favor of Westport against St. Paul in the amount of $1,539,363.28.

This ruling disposes of this case and the clerk is ordered to close it. Although informal, this is an Order of the Court and will be filed as such.

_____/s/_____
Paul W. Grimm
United States Magistrate Judge